BENJAMIN M. McLYMAN, *Attorney General, ex rel. vs.* ART
ASSOCIATION OF NEWPORT.

MARCH 20, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

RATHBUN, J. This bill in equity is before us on the complainant's appeal from a decree of the Superior Court sustaining the respondent's demurrer to the bill of complaint and dismissing the bill. The bill is brought by the Attorney General of the State of Rhode Island, at the relation of F. Bayard Rives, for the purpose of enforcing trusts alleged to have been created by the 19th and 20th clauses of the last

will and testament of Sara Rives, late of the city of. New York, deceased. F. Bayard Rives is a son and an heir at law of decedent and one of the executors of her will, which was duly probated.

At the time of her decease the testatrix was seized and possessed of an estate in Newport known as "Swanhurst." The house contained numerous articles of furniture which, by her will, she gave, together with the real estate, to the respondent. By the 20th clause the respondent received a further gift of $100,000.

The issue is whether the respondent is limited by the language of the will in the use of the money and other property, or whether said money and property may be used without restriction by the respondent for its general corporate purposes.

The gifts to the respondent are in the 17th, 18th, 19th and 20th clauses of the will. By the 17th clause the testatrix bequeaths certain designated articles of furniture to her daughter, Mildred Godwin, which, at the time the will was made, were in the apartment of testatrix in New York, but which the testatrix provided should be considered as forming part of the contents of "Swanhurst," even though they may not have been removed to the house in Newport at the time of her death. By the 18th clause she devises "Swanhurst" and its contents to her said daughter. The absolute ownership of the real estate and the articles of furniture listed in the 17th clause, however, was not to vest in her daughter unless she survived her mother for a period of ten years. By the 19th clause "Swanhurst" and contents were given to the respondent in the event that said daughter deceased within the ten year period. The daughter deceased within said period and the devise and bequests to the respondent became effective. By the 19th clause the testatrix made certain provisions relative to the use of said property in the event the gifts to the respondent became effective.

The complainant contends that the language of the 19th clause when construed in relation to the other clauses of the

will imposes definite restrictions upon the use of the property by the respondent. The 19th clause is as follows: "In case my said daughter, Mildred Godwin, shall die within ten years from the date of my death as aforesaid, then I give and devise my said Newport estate, known as 'Swanhurst' with the personal property above given, to said Art Association of Newport, without restrictions, except I wish the rooms on the ground floor of said buildings kept for as long as practicable, in the same condition as when the said Art Association of Newport shall come into possession of the same; the contents of the rest of the house, stables, &c., however, to be kept or sold as to the said Art Association shall seem best, the proceeds of any such sale to be added to the fund hereinafter provided for the benefit of said Art Association of Newport. And I wish an inscription placed over the door of said house, as follows: 'Sarah Swan Whiting Memorial, given to the Art Association of Newport;' and that the name of 'Swanhurst' shall always be retained for the estate."

By the 20th clause the testatrix established a trust fund of $100,000 with the United States Trust Company of New York, the income from which to be applied to the use of her daughter during her lifetime. If the daughter survived her mother by ten years then the fund was to go to the daughter absolutely. In the event that she did not survive, the fund was bequeathed to the respondent "to be held by the said Art Association of Newport, for the purposes for which it is incorporated; subject to the following provisions: The said principal shall be invested by the said Art Association of Newport as a permanent fund and the income derived therefrom" (together with the income from any funds received from the sale of chattels hereinbefore authorized to be sold) "shall be applied to the care, maintenance and extension of my Newport Estate, known as 'Swanhurst' . . . and for so long as said income or any part thereof shall be required for said purposes . . . ." The respondent admits that it has possession of this fund and the

property devised and bequeathed by the 17th and 18th clauses.

It is alleged in the bill that the respondent has committed various breaches of trust in that it has removed to places unknown a large quantity of furniture and other effects that were on the ground floor of "Swanhurst," including the articles specifically enumerated in the 17th clause, and may have disposed of some of this personal property; that, although it is practicable so to do, the furniture and other personal effects bequeathed are not being kept on the ground floor of "Swanhurst" in the condition they were at the time the respondent acquired possession of the property; that the income from the fund bequeathed in the 20th clause is not being applied for the purposes of the trust; that the respondent has been requested to restore the rooms on the ground floor of "Swanhurst" to the same condition as they were when the estate came into the possession of the respondent; that the respondent has been requested to account to the complainant for the said tangible personal property and for the expenditure of income from the $100,000 fund; and that the respondent has failed to comply with these requests.

The bill prays that the respondent may be required to restore the rooms on the ground floor of "Swanhurst" to the same condition in which they were at the time they came into the possession of the respondent, and to replace therein all articles removed therefrom; that the respondent may be ordered to maintain the said rooms and their contents in their said original condition, for as long as practicable; that the respondent may be prohibited from using the funds bequeathed to it for any other purpose than the care, maintenance and extension of "Swanhurst;" and that the respondent may be ordered to account to the complainant for the money bequeathed and for the contents of the ground floor of "Swanhurst," including the articles bequeathed by the 17th clause.

The respondent filed a demurrer to the bill alleging in substance as follows: (1) That under the terms of said will, the provisions of the 17th, 18th and 19th clauses thereof, said real estate known as "Swanhurst" and the personal property set forth and described in said bill of complaint, were devised and bequeathed to said Art Association of Newport for the purposes of said association; that as a matter of law the provisions of said will vested in the respondent the absolute and uncontrolled discretion in the management and control of the property devised and bequeathed therein, and that no trust for a public exhibit was created as set forth in said bill of complaint, but that the language of the will relating to the use and management of said "Swanhurst" and the property therein is advisory and exhortative and is not mandatory nor compulsory; (2) that the complainant is not entitled to relief for any alleged misuse of the income from the fund created by the 20th clause of said will because it does not appear from said bill of complaint that said income or any part thereof is required for the care, maintenance and extension of said "Swanhurst." The trial court sustained the demurrer and entered a decree dismissing the bill. The cause is before us on the complainant's appeal from said decree.

Did the testatrix, in the 19th clause, use the word "wish" in a precatory or mandatory sense? The intention of the testatrix as it appears from the entire will, rather than from any particular technical word or phrase, should govern. *Cook* v. *Cook*, 35 R. I. 342; *Sherman* v. *Riley*, 43 R. I. 202; *Moran* v. *Cornell*, 49 R. I. 308; *Luttgen* v. *Tiffany*, 37 R. I. 416; *Gee for an Opinion*, 44 R. I. 132; *Goffe* v. *Goffe*, 37 R. I. 542, 549; *Metcalf* v. *Gladding*, 35 R. I. 395; *Perry* v. *Brown*, 34 R. I. 203; *Frelinghuysen* v. *N. Y. Life Ins. & Tr. Co.*, 31 R. I. 150; *City of Providence* v. *Payne*, 47 R. I. 444; *Cook* v. *First Universalist Church*, 23 R. I. 62.

After a careful study of the entire will we are of the opinion that the trial justice erred in his ruling sustaining the demurrer and dismissing the bill.

By the eighteenth clause "Swanhurst," with the contents of the buildings thereon, was given to the respondent—in the event that the daughter dies within the ten year period —for the purposes of said corporation and "on the terms hereinafter set forth." The phrase next above quoted indicates that some limitation is to be attached to use of the subject of the gift. The 19th clause points out the restrictions which the testatrix intended to impose upon the use of "Swanhurst" and the contents of the buildings thereon. By said clause the testatrix gives "Swanhurst" and the contents of said buildings to the respondent, "without restrictions, except I wish the rooms on the ground floor of said buildings kept for as long as practicable, in the same condition as when the said Art Association of Newport shall come into possession of the same . . . . And I wish an inscription placed over the door of said house, as follows: 'Sara Swan Whiting Memorial, given to the Art Association of Newport;' and that the name of 'Swanhurst' shall always be retained for the estate".

When the testatrix, in making the gift, used the words, "without restrictions except," she clearly indicated an intention to attach a restriction to the use of the property. Again the language of the gift of $100,000 in the 20th clause is a strong indication of the intention of the testatrix relative to the gift to the respondent in the 19th clause. The gift of $100,000 was made to respondent for the purposes for which it is incorporated not absolutely, but "subject to the following provisions," that the fund be invested as a permanent fund, and the income therefrom "shall be applied to the care, maintenance and extension of my Newport Estate, known as 'Swanhurst' . . . for so long as said income or any part therof shall be required for said purposes."

There can be no doubt that the fund of $100,000 was given in trust for the specific purposes set forth in the 20th clause and to make it "practicable" for the respondent to maintain "Swanhurst" and keep "the rooms on the ground floor" in the same condition as when the respondent came into

possession of the same. It is clear that the testatrix intended that the respondent should preserve and maintain "Swanhurst" as long as practicable as a memorial to the testatrix and her family. The fact that the testatrix, in the 19th clause, authorized respondent to sell "the contents of the rest of the house, stable, &c." is a strong indication that the testatrix did not intend that the real estate or the contents of "the rooms on the ground floor" be sold so long, at least, as it shall be practicable to maintain said rooms in the condition in which they were received by the respondent. The use of the word "wish" by the testatrix in other portions of the will does not militate against our conclusions but strongly tends to confirm the same.

The respondent is a charitable corporation created for the purposes of education in literature, art and science and for the purpose of collecting, maintaining and preserving a museum "which shall be open to the public at such times and subject to such restrictions as may be found expedient." We find that the gift of $100,000 is held in trust for a public charitable use. The income, so long as any part of it is necessary, must be devoted to the care, maintenance and extension of "Swanhurst," including—so long as shall be practicable —the keeping of said rooms in the same condition as when received by the respondent, all of which the respondent holds under a public charitable trust. It follows that the public are entitled to some reasonable access to and benefit from "Swanhurst"—with said rooms in the same condition as when received by the respondent—consistent with the purposes for which the respondent corporation was created.

The bill alleges facts constituting a breach of trust. If the facts are truly alleged the complainant is entitled to relief.

The appeal is sustained, the decree appealed from is reversed and the cause is remanded to the Superior Court for the county of Newport for further proceedings.

*Charles H. Koehne, Harry C. C. Koehne, Burdick, Corcoran & Peckham, Edward J. Corcoran*, for complainant.

*Sheffield & Harvey, Theodore Francis Green.* for respondent.